GREMILLION, Judge,
concurs in part, dissents in part and assigns written reasons.
LAt the risk of oversimplifying this matter, the majority had to answer three questions. The first was whether Mr. Keys was entitled to continued benefits. The second was whether he committed fraud. The third was whether Mr. Keys was entitled to additional penalties and attorney fees for his employer’s bad actions. Depending heavily on the broad boundaries of the manifest error standard, I concur with the workers’ compensation court and with my colleagues in the majority on the first two questions. However, with regard to the third question, I disagree.
The simple fact of the matter, as clearly expressed in this record, is that this employee repeatedly misrepresented his own *739 medical history. He misrepresented it to his doctors, in his deposition and to the workers’ compensation judge. The workers’ compensation judge and the majority shrug off these repeated misrepresentations as mere memory loss from an employee who was “confused” but otherwise “credible.” The WCJ was certainly within its discretion when it ruled as it did. However, the mere fact that the WCJ ruled against the employer on the factual and legal issues involved here does not in any way suggest that the employer was arbitrary and capricious in requiring that its defenses be heard.
|2The defendant was not arbitrary and capricious when it asked the workers’ compensation judge to unwind the tangle between an injury resulting from an unwit-nessed accident and the clearly unrelated Huntington’s disease. The defendant was certainly not arbitrary and capricious when it pointed out that Mr. Keys had misrepresented his own medical history consistently and repeatedly. Thus, I would reverse the workers’ compensation court with regard to the penalties and attorney fees it awarded.